**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

**KEITH ALAN WATSON,**

    **Petitioner,**

v.      **Criminal Action No: 2:99cr23-29**
    **Civil Action No: 2:03cv381**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

This matter is before the Court on *pro se* Petitioner's Motion for Reconsideration. (Doc. 134.) For the reasons stated in this Order, the Petitioner's Motion is **DENIED**.

### Procedural History and Factual Background

Keith Allen Watson ("Petitioner"), and twenty-nine other individuals, were charged in a sixty-six count indictment on February 19, 1999, with various drug and firearm related offenses. Trial commenced on September 14, 1999, and on November 5, 1999, a jury found the Petitioner, guilty of two of the sixty-six counts. He was found guilty of conspiracy to distribute and possess with intent to distribute methamphetamine (count 1) and possession with intent to distribute methamphetamine (count 13). He was acquitted on one count of felon in possession of a firearm (count 56), and the Court dismissed the other felon in possession of a firearm count (count 55) during the trial. On June 2, 2000, the Court sentenced Petitioner to be imprisoned for a term of one hundred eighty-eight (188) months on both counts, to be served concurrently, followed by

eight (8) years of supervised release on both counts, also to run concurrently.

On June 12, 2000, Petitioner filed a notice of appeal. The Court of Appeals for the Fourth Circuit subsequently affirmed Petitioner's convictions and sentence on January 10, 2002. United States v. Levenite, 277 F.3d 454 (4th Cir. 2002). The United States Supreme Court denied certiorari on May 28, 2002. Levenite v. United States, 535 U.S. 1105 (2002). On May 22, 2003, the Petitioner, proceeding *pro se*, filed a petition to vacate, set aside, or correct the sentence previously imposed pursuant to 28 U.S.C. § 2255. On July 21, 2003, the Court ordered the Government to file an Answer to Petitioner's motion. The Government filed an Answer on September 12, 2003, and Petitioner filed a Response on September 29, 2003. The Court denied Petitioner's motion on July 9, 2004. (Doc. 128.) On September 1, 2004, Petitioner filed both a Notice of Appeal and a Motion to Reconsider the Court's Order denying his § 2255 petition. (Docs. 133 and 134, respectively.) The Court retained the record in this case to decide the latter.

## STANDARD

A prisoner is entitled to the opportunity to make a full, substantive, collateral attack on his conviction and sentence. See In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999). This entitlement is satisfied by an adjudication of a prisoner's petition on the merits. See Slack v. McDaniel, 529 U.S. 473, 486 (2000); cf. Stewart v. Martinez-Villareal, 523 U.S. 637, 645 (1998) (dismissal of a first habeas petition for technical procedural reasons does not bar a prisoner from ever obtaining federal habeas review). The adjudication of the merits of a petition renders it a "prior application" for the purpose of analyzing any future collateral attack.[1]

---

[1] Notwithstanding Petitioner's Notice of Appeal, the Court's Order denying his § 2255 petition is an adjudication on the merits. Cf. 28 U.S.C. § 2253 (In a proceeding under § 2255, the final order of a district court is appealable only in certain circumstances).

28 U.S.C. § 2255 P.8 bars relitigation of claims that were presented in a prior application or were not presented in a prior application, unless the claims, as currently raised, rely on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). "The idea behind [28 U.S.C. § 2255 P.8] is that a prisoner is entitled to. . ." one, but only one, full opportunity to collaterally attack his sentence. Goddard, 170 F.3d at 437 (citing O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998) (Easterbrook, J.) (emphasis added in Goddard)).

A district court must treat a Rule 60(b) motion as a successive collateral review application when failing to do so would allow the applicant to escape the operation of 28 U.S.C. § 2255 P.8. Winestock, 340 F.3d at 206 (citing Calderon v. Thompson, 523 U.S. 538 (1998)). So, to rule on a motion labeled as a motion to reconsider, the Court must resolve whether the motion is a 60(b) or a "successive application in 60(b)'s clothing." Id. at 207 (citing Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002)). If it is the latter, the Court must determine if the motion would have been permissible had it been styled as a § 2255 petition. Id. at 206.

ANALYSIS

In his Motion to Reconsider, Petitioner asserts that "in accordance with and in light of the recent United States Supreme Court Ruling in Blakely," the imposition of a two-level firearm enhancement pursuant to United States Sentencing Guidelines § 2d1.1(b)(1) violated his rights

3

under the Sixth Amendment to the United States Constitution.  See Mot. Reconsider at p. 2. Petitioner's assertion directly attacks his sentence; thus, his motion is a successive § 2255 petition rather than a 60(b).  Winestock, 340 F.3d at 207.  In fact, it is a prototypical successive application, "a brand-new, freestanding allegation of constitutional error," id., and the Court construes it as such.²

Having recharacterized Petitioner's motion as a successive § 2255 petition, the Court next examines whether the petition is barred by 28 U.S.C. § 2255 P.8 or saved by one of the two exceptions to the bar, which were created for claims that rely on new evidence or on a new rule of constitutional law made retroactive to cases on collateral review.  Petitioner does not suggest that his claim relies on new evidence.  Instead, Petitioner argues that the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), supports his request.  In Blakely v. Washington, the Supreme Court considered the appeal of a criminal defendant who argued that application of the State of Washington's Sentencing Reform Act violated his Sixth Amendment right to have a jury decide the facts of his case used to determine his sentence.  124 S. Ct. at 2536.  The trial court imposed a 90-month sentence, 37 months above the statutory maximum of the standard sentencing range, after finding that the defendant acted with "deliberate cruelty."  Id. at 2537.  Ultimately, the United States Supreme Court held that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Id.  But the holding is not retroactively applicable.³

---

² Petitioner previously filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, so the Court need not notify the Petitioner prior to recharacterizing the present petition to a motion pursuant to 28 U.S.C. § 2255.  See United States v. Emmanuel, 288 F.3d 644, 650 (4th Cir. 2002).

³ In McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), the court noted that United States v. Booker, 125 S. Ct. 738 (2005), not Blakely, establishes the new rule relevant to the Federal Sentencing Guidelines. However, the Court held that neither Blakely nor Booker applies retroactively to criminal cases that became final before January 12, 2005.  Petitioner's criminal case became final on May 28, 2002.

Because Petitioner does not rely upon new evidence or a new rule of constitutional law made retroactive to cases on collateral review, his recharacterized motion is not saved from the operation of 28 U.S.C § 2255 P.8.  Petitioner's successive application is barred and, without the necessary certification from the Fourth Circuit, the Court lacks jurisdiction to hear it.  Winestock, 340 F.3d at 207.

### CONCLUSION

For the reasons stated in this Order, Petitioner's Motion to Reconsider is **DISMISSED**.[4]

The Petitioner is **ADVISED** that he may appeal this final order by forwarding a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this order.

The Clerk is **REQUESTED** to mail a copy of this Order to the Petitioner and counsel of record for the United States.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 21, 2005

---

[4] Petitioner is **Advised** that in order to pursue any future motions pursuant to 28 U.S.C. § 2255, he must petition the United States Court of Appeals for the Fourth Circuit at 1100 East Main Street, Suite 617, Richmond, VA 23219-3517, for permission to file another § 2255 petition in this Court.

5